U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

AVIS PORTER,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, AVIS PORTER, by and through his undersigned counsel, hereby sues the Defendant, MSC CRUISES, S.A., and alleges as follows:

**PARTIES**

1. Plaintiff, AVIS PORTER, was and is a resident of and domiciled in Florida and resides in St. Cloud, Florida.

2. At all times material, Defendant, MSC CRUISES, S.A. (herein referred to as "MSC" or "MSC Cruises" or Defendant or the cruise line) was and is a Swiss Corporation with its principal place of business in Miami, Florida.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 USC §1333(1) (admiralty) and the contractual language contained in the cruise ticket.

4. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

5. At all times material, Defendant MSC CRUISES, S.A. personally or through an agent:

    A.    Operated, conducted, engaged and/or carried on a business venture in the State of Florida;

    B.    Maintained its principal place of business in Florida;

    C.    Was engaged in substantial business activity in the State of Florida;

    D.    Operated vessels and provided vessels for cruises in the waters of this state;

    E.    Committed one or more acts as set forth in F.S. §§ 48.081, 48.181 and 48.193, which submit Defendant to the jurisdiction and venue of this Court. Further, Defendant is subject to the jurisdiction of the Court due to the foregoing and 28 U.S.C. § 1333;

    F.    The acts of Defendant set out in the Complaint occurred in whole or in part in the State of Florida.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket.

## GENERAL ALLEGATIONS

7. On or about November 28, 2024, Plaintiff, AVIS PORTER, was lawfully and legally on board the *MSC Seashore* as an invitee and paying passenger with the actual and/or constructive consent of Defendant MSC CRUISES, S.A.

8. On or about November 28, 2024, Defendant owned and operated a passenger cruise ship known as the *MSC Seashore*, such vessel being used as a passenger cruise vessel.

9. On, or about, November 28, 2024, the day of the subject incident, AVIS PORTER was on Deck 18 in the main pool area near an onboard attraction known as the Pirate's Cove AquaPark (herein the "subject area").

10. At the time of the incident, in the evening, at around 10:00 pm to 10:30 pm, the subject area was dark and had insufficient lighting.

11. Suddenly, and without warning, AVIS PORTER slipped and fell on the deck surface. The subject area was wet due to the proximity to the pool and/or the Pirate's Cove AquaPark.

12. AVIS PORTER fell to the ground and suffered significant pain throughout her body including injuries to her left knee.

13. Thereafter, due to her ongoing pain and suffering, AVIS PORTER sought treatment in the ship's medical facility.

14. Prior to the incident, there was no warning to Plaintiff, or other passengers, of the defective condition in the subject area.

15. MSC knows that exterior decks, specifically those in proximity to pools areas, high traffic areas with many passengers using the areas from cruise to cruise, and are therefore subject to significant wear and tear.

16. Because MSC knows this, MSC also knows that it must regularly inspect pool decks and the surrounding areas to ensure that all decks are in a safe condition and fit for use by its passengers.

17. MSC also knows that its employees must provide adequate maintenance to exterior decks, and frequent inspections and promptly clean any wet deck surfaces that are unsafe or unfit for passenger use to prevent passengers from becoming injured.

18. Accordingly, a wet and/or slippery deck surface injury incident on an MSC Cruise Ship is substantially no different from a wet and/or slippery deck surface injury on any other cruise ship(s).

19. The wet and/or slippery deck surface injury would not in the ordinary course of events have occurred without the negligence of the Defendant MSC in its inspection and maintenance.

20. The subject area constituted a dangerous condition for reasons that include, but were not limited to:

   A. The subject area contained a wet, dirty, slippery and/or unreasonably dangerous foreign substance which made the flooring surface slippery and/or unreasonably slippery;

   B. The flooring surface of the subject area was slippery and/or unreasonably slippery, even without being contaminated by the foreign substance(s) outlined above; and/or

   C. MSC failed to place signs and/or warnings and/or anti-slip mats in or around the subject area, which could have reasonably communicated to Plaintiff the foreign substance on the floor, outlined above, and/or the unreasonably slippery nature of the flooring surface in the subject area.

21. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

   A. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, MSC's crewmembers were within a close distance to the subject area and/or were actively monitoring same for slipping hazards, per MSC's policies and procedures, and did and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but did not take appropriate remedial measures to prevent the Plaintiff's incident;

   B. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, the wet and/or liquid substance upon which Plaintiff slipped was and/or appeared to have been present on the floor for a sufficient amount of time, such that, MSC's crewmembers who were within a close distance to the subject area, did and/or should have observed

the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but did not take timely and appropriate remedial measures to prevent the Plaintiff's incident;

C. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, MSC had installed video cameras to monitor the subject area, and had MSC reasonably monitored the subject area via those cameras, MSC did observe and/or would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take timely and appropriate remedial measures to prevent the Plaintiff's incident; and/or

D. As per Defendant's policies and procedures, Defendant's crewmember did and/or should have continuously monitored the flooring surface of the subject area to identify and remedy hazardous conditions; had Defendant and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take timely and appropriate remedial measures to prevent the Plaintiff's incident.

22. MSC is on notice of numerous prior substantially similar incidents involving passengers suffering injuries due to wet and/or slippery deck surface injuries including, but not limited to:

A. On April 6, 2024, onboard the *MSC Seashore* Alexandra Esteban slipped and fell on Deck 18. See *Esteban Correa v. MSC Cruises, S.A.*, Case No.: 25-cv-22030.

B. On December 30, 2019, onboard the *MSC Meraviglia* Juan Bulies slipped and fell on Deck 15. See *Bulies v. MSC Cruises S.A.*, Case No.: 2020-cv-62600.

C. On December 26, 2019, onboard the *MSC Meraviglia* Karen Milana slipped and fell on Deck 16. See *Milana v. MSC Cruises S.A.*, Case No.: 2020-cv-21482.

D. On December 20, 2019, onboard the *MSC Meraviglia* Moises Jrade slipped and fell. See *Jrade v. MSC Cruises S.A.*, Case No.: 2020-cv-24438.

E. On December 11, 2019, Michael Woody slipped and fell onboard the *MSC Meraviglia*. See *Woody v. MSC Cruises S.A.*, Case No.: 2020-cv-24990.

F. On February 17, 2020, Cori Kettler slipped and fell onboard the *MSC Meraviglia*. See *Kettler v. MSC Cruises S.A.*, Case No.: 2020-cv-23425.

G. On December 14, 2019, Claudia Fromchuk slipped and fell onboard the *MSC Divina* on Deck 14. See *Fromchuk v. MSC Cruises S.A.*, Case No.: 2020-cv-24539.

H. On April 24, 2019, Petra Lamela slipped and fell onboard the *MSC Armonia*. See *Lamela v. MSC Cruises S.A.*, Case No.: 2020-cv-21164.

I. On December 18, 2018, Marina Dsouza slipped and fell onboard the *MSC Divina* on Deck 14. See *Dzousa v. MSC Cruises S.A.*, Case No.: 2020-cv-60099.

J. On March 23, 2017, Margaret Anne Haiser slipped and fell onboard the *MSC Divina* on Deck 15. See *Haiser v. MSC Cruises S.A.*, Case No.: 2018-CV-60964.

K. On January 9, 2014, Mike Shaver slipped and fell onboard the *MSC Divina*. See *Shaver v. MSC Cruises S.A.*, Case No.: 2014-cv-62416.

L. On December 27, 2018, Betty Sharf onboard the *MSC Divina* slipped and fell on Deck 14. See *Scharf v. MSC Cruises S.A.*, Case No.: 2019-cv-63129.

23. In *Scharf v. MSC Cruises S.A.*, Case No.: 2019-cv-63129, DE 1, plaintiff cites to numerous prior substantially similar incidents involving passengers suffering injuries due to wet and/or slippery deck surface injuries including, but not limited to:

A. On March 26, 2009, Vincenza Piergiovanni onboard the *MSC Orchestra* slipped and fell on a slippery wet substance on a deck.

B. On April 8, 2010, Leonor Olano onboard the *MSC Orchestra* slipped and fell on a slippery wet substance on a deck.

C. On November 16, 2011, Fred Bill onboard the *MSC Poesia* slipped and fell on a slippery wet substance.

D. On February 14, 2013, Sharon Betterman onboard the *MSC Poesia* slipped and fell on a slippery wet substance.

E. On November 24, 2013, Olga Rosales onboard the *MSC Divina* slippery wet substance on Deck 14.

F. On December 11, 2013, Michelle Parker onboard the *MSC Divina* slipped and fell on a slippery wet substance.

G. On April 19, 2014, Lidia Laurita onboard the *MSC Divina* slipped and fell on a slippery wet substance.

H. On September 14, 2014, Martin Cohen onboard the *MSC Divina* slipped and fell on a slippery wet substance.

I. On September 24, 2014, Hilda Ruiz onboard the *MSC Divina* slipped and fell near a food service area.

J. On October 25, 2014, Beverly Michilin onboard the *MSC Divina* slipped and fell on a slippery wet substance.

K. On March 25, 2014, Gilma Velandia onboard the *MSC Divina* slipped and fell near a food service area.

L. On April 12, 2015, Aida Montaine onboard the *MSC Divina* slipped and fell near a food service area.

M. On January 29, 2016, Constance Dillon onboard the *MSC Divina* slipped and fell on a slippery wet substance.

N. On March 31, 2016, Soo Ko onboard the *MSC Divina* slipped and fell on Deck 14 on a slippery wet substance.

O. On May 21, 2016 Richard Rotti onboard the *MSC Divina* slipped and fell on Deck 7 on a slippery wet substance.

P. On November 6, 2016, Josefa Rado-Perez onboard the *MSC Divina* slipped and fell near a food service area.

Q. On December 31, 2016, Alina Salum onboard the *MSC Divina* slipped and fell on Deck 14 on a slippery wet substance.

R. On April 1, 2017, Deborah Armstrong onboard the *MSC Divina* slipped and fell on Deck 14 on a slippery wet substance.

S. On April 30, 2017, Nardine Aziz onboard the *MSC Divina* slipped and fell on Deck 14 on a slippery wet substance.

T. On June 18, 2017, Santhia Olivier onboard the *MSC Divina* slipped and fell on Deck 14 on a slippery wet substance.

U. On September 1, 2017, Sylvia Bauerschmidt onboard the *MSC Divina* slipped and fell on Deck 14 on a slippery wet substance.

V. On October 30, 2017, Corrine Piccinetti onboard the *MSC Divina* slipped and fell on Deck 14 on a slippery wet substance.

**COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-three (23) as though originally stated herein.

24. On or about November 28, 2024, Plaintiff, AVIS PORTER, while aboard the *MSC Seashore* was on Deck 18 in the main pool area and/or Pirate's Cove AquaPark when she slipped and fell on an unknown wet and/or slippery foreign transitory substance. Furthermore, the subject area was poorly lit and, given the incident occurred at night, contributed to Plaintiff's injury incident.

25. At all times material hereto Defendant, MSC CRUISES S.A., owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

26. This dangerous condition was known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered its existence through the exercise of reasonable care.

27. This dangerous condition was also known to the Defendant because it trains its crew in the proper inspection of the subject area including the need to identify, recognize and remedy these dangerous conditions.

28. At all times material hereto, it was the duty of Defendant, under the circumstances, to warn passengers, such as Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant in places where passengers, such as Plaintiff, are invited to or may reasonably be expected to visit- especially pool areas.

29. Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

  A. Failure to warn the Plaintiff that the subject deck surface and/or flooring was unreasonably dangerous;

B. Failure to warn the Plaintiff of the risks and/or dangers associated with the wet, slippery and/or dirty foreign substance and/or deck surface conditions in the subject area;

C. Failure to warn the Plaintiff of the risks and/or dangers associated with the poor lighting conditions in the subject area;

D. Failure to warn passengers and the Plaintiff of other slip and fall accidents which previously occurred in the same area and/or the same foreign slippery substance onboard vessels within MSC's fleet; and/or

E. Failure to sufficiently warn the Plaintiff of the risks and/or dangers associated with the wet, dirty and/or slippery flooring surface in the subject area, including but not limited to the hazardous co-efficient of friction of that flooring surface, especially in view of the wet, dirty, and/or slippery foreign substance on and/or condition of the flooring surface.

30. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have utilized the subject area had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

31. At all times material hereto, the subject area was unreasonably dangerous.

32. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been

acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

33. As a direct and proximate result of Defendant's negligence, Plaintiff, AVIS PORTER, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

WHEREFORE, Plaintiff, AVIS PORTER, demands judgment, interest and costs against Defendant, MSC CRUISES S.A., a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-three (23) as though originally stated herein.

34. On or about November 28, 2024, Plaintiff, AVIS PORTER, while aboard the *MSC Seashore* was on Deck 18 in the main pool area and/or Pirate's Cove AquaPark when she slipped and fell on an unknown wet and/or slippery foreign transitory substance. Furthermore, the subject area was poorly lit and, given the incident occurred at night, contributed to Plaintiff's injury incident.

35. This dangerous condition was known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered its existence through the exercise of reasonable care.

36. At all times material hereto Defendant, MSC CRUISES, S.A., owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

37. Defendant and/or its agents, servants and/or employees breached its duty to maintain through the following acts and/or omissions:

    A. Failure to reasonably maintain the subject flooring surface free of slip-and-fall hazards such as wet, slippery, and/or foreign transitory substances;

    B. Failure to reasonably maintain the lighting in the subject area in a reasonably safe condition;

    C. Failure to reasonably clean and/or dry the subject area so as to reasonably maintain it in a reasonably clean and/or dry and/or non-slippery condition;

    D. Failure to adequately and/or regularly maintain the subject area to keep it free of wet, dirty and/or slippery foreign substances and/or conditions;

    E. Failure to adequately and/or regularly maintain the subject area to ensure proper lighting conditions;

    F. Failure to adequately inspect the area where Plaintiff's incident occurred for slip hazards;

    G. Failure to adequately inspect the area where Plaintiff's incident occurred for insufficient lighting;

    H. Failure to adequately, timely, and regularly inspect and maintain the subject flooring surface in a reasonably safe condition, including, but not limited to, in a condition free of slip-and-fall hazards; and/or

    I. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject flooring surface in a reasonably safe condition.

38. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area and/or deck surfaces.

39. At all times material hereto, the subject area was unreasonably dangerous.

40. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance, monitoring and/or inspections of the subject area, and/or through prior incidents involving passengers injured due to unreasonably dangerous floor surfaces on Defendant's vessels and/or other vessels reported within the cruise industry.

41. As a direct and proximate result of Defendant's negligence, Plaintiff, AVIS PORTER, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

WHEREFORE, Plaintiff, AVIS PORTER, demands judgment, interest and costs against Defendant, MSC CRUISES S.A., a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

**COUNT III – NEGLIGENCE AGAINST DEFENDANT**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-three (23) as though originally stated herein.

42. On or about November 28, 2024, Plaintiff, AVIS PORTER, while aboard the *MSC Seashore* was on Deck 18 in the main pool area and/or Pirate's Cove AquaPark when she slipped and fell on an unknown wet and/or slippery foreign transitory substance. Furthermore, the subject area was poorly lit and, given the incident occurred at night, contributed to Plaintiff's injury incident.

43. This dangerous condition was known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered its existence through the exercise of reasonable care.

44. At all times material hereto Defendant, MSC CRUISES S.A., owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

45. Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

  A. Failure to close off the areas that contained the hazardous condition in the subject area and/or deck surface;

  B. Failure to correct the hazardous conditions following other slip and falls accidents on vessels within its fleet;

  C. Failure to adequately test the subject area, including periodic coefficient of friction testing, to determine whether these high traffic area floors are maintained with sufficient and safe coefficient of friction, before permitting passengers and the Plaintiff to use it;

D.  Failure to provide and/or utilize a reasonably safe walking/flooring surface in light of the anticipated use of the subject area;

E.  Failure to provide and/or utilize a reasonably safe and sufficient lighting in the subject area;

F.  Failure to have a non-slip and/or non-skid flooring surface on/around the subject area; and/or

G.  Failure to place rubber mats and/or other non-slip coverings or substances on/around the subject area.

46. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

47. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance, monitoring and/or inspections of the subject area including through prior incidents involving passengers injured due to slip and fall accidents on Defendant's vessels and/or other vessels reported within the cruise industry.

48. As a direct and proximate result of Defendant's negligence, Plaintiff, AVIS PORTER, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said

losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

WHEREFORE, Plaintiff, AVIS PORTER, demands judgment, interest and costs against Defendant, MSC CRUISE S.A., a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: November 25, 2025

**HOLZBERG LEGAL**
Offices at Pinecrest II
7685 S.W. 104th Street, Suite 220
Miami, Florida 33156
Telephone:  305-668-6410
Facsimile:    305-667-6161

***/s/Glenn J. Holzberg***
GLENN J. HOLZBERG (FBN: 369551)
glenn@holzberglegal.com
erika@holzberglegal.com
LOUIS M. HOLZBERG (FBN: 1011340)
louis@holzberglegal.com
karla@holzberglegal.com